# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAVIER GARCIA, | : | |
| Petitioner, | : | Civil Action No. 19-181 (MAS) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

**IT APPEARING THAT:**

1. Petitioner filed his amended petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this matter in March 2019. (ECF No. 3.) In that petition, Petitioner raised a single claim – that he was being improperly denied credit towards his 210-month federal sentence while detained in state custody on a state conviction that was to run concurrent to his federal sentence. (*Id.* at 5.) As relief, Petitioner sought to have his "federal sentence reduced to reflect time served in state custody" and to be placed in federal custody for the remainder of his sentence. (*Id.* at 14.)

2. Following two orders of this Court (ECF Nos. 4, 9), the Government filed an initial response to the amended petition in which it argued that the petition was not yet ripe for review as Petitioner had not exhausted his remedies before the Bureau of Prisons. (ECF No. 11.)

3. On March 3, 2020, however, the Government submitted a supplemental letter response. (ECF No. 12.) In that response, the Government informed the Court that upon Petitioner seeking the applicable administrative relief, the Bureau of Prisons had *nunc pro tunc* designated Petitioner's state prison as the institution in which he was to serve his federal sentence pursuant to 18 U.S.C. § 3621(b), and had provided Petitioner with credit towards his federal sentence to reflect

the time served towards his concurrent state sentence. (*Id.* at 1-2.) The Government also provided the Court with a copy of the Bureau's decision which confirms that Petitioner has essentially received the relief he sought – time served on his state sentence is being credited to his federal sentence, with appropriate jail credits and credit for all time already served on the state sentence following his federal sentencing, and the state prison in which he is currently incarcerated has been designated the facility for the service of Petitioner's federal sentence. (*See* ECF No. 12-1.) The Government therefore requests that this action be dismissed as moot as Petitioner has received the relief he sought through his habeas petition. (ECF No. 12 at 2.)

4. Petitioner did not file a reply to either response submitted by the Government. (ECF Docket Sheet.)

5. Pursuant to § 3621(b), the BOP "has the authority to retroactively designate the place of confinement for a prisoner's federal sentence," and may therefore "designate a state prison as the place of confinement" for that sentence and provide credit towards a federal sentence based on time served in that state facility. *Pickett v. Warden McKean FCI*, 726 F. App'x 104, 106 (3d Cir. 2018) (citing *Setser v. United States*, 566 U.S. 231, 235 (2012); *Barden Keohane*, 921 F.2d 476 483 (3d Cir. 1990)).

6. In this matter, the BOP did exactly that – it both provided Petitioner the credit towards his federal sentence that he sought and designated his state prison as the facility in which he was to serve his federal sentence. Petitioner has thus achieved the aim of his petition and received the relief he sought – he has received and will continue to receive credit towards the completion of his sentence while held in state custody and is being held in the facility designated to serve as the

2

place in which he is to serve his federal custody in the form of his current state prison.[1]  As

Petitioner has thus received the benefit he sought in his habeas petition, this Court no longer has a

meaningful opportunity to provide him with relief in this matter, and his amended habeas petition

(ECF No. 3) must be dismissed as such.  *See Martinovich v. Ortiz*, No. 18-621, 2018 WL 4326410,

at *2 (D.N.J. Sept. 10, 2018); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99

(3d Cir. 1996) (where developments in a case "eliminate a [petitioner's] personal stake in the

outcome of a suit or prevent a court from being able to grant the requested relief, the case must be

dismissed as moot").

    7.    In conclusion, Petitioner's amended petition is **DISMISSED WITHOUT**

**PREJUDICE** as moot.  An appropriate order follows.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Petitioner's amended petition could be construed to request a prison transfer from his current state prison, now designated as the site of service of his federal sentence, to a separate federal facility, this Court lacks jurisdiction over a petition seeking only a prison transfer. *See Martinovich*, 2018 WL 4326410 at *2.